**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENE PROCHET,**
                 **Plaintiff,**

**-vs-**                                                      **Case No. 6:06-cv-668-Orl-31DAB**

**L-3 COMMUNICATIONS**
**CORPORATION,**

                 **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 17)**
>
> **FILED:**      **October 2, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties stipulate that the settlement agreement provides for payment in full of all unpaid wages, liquidated damages and a reasonable attorney's fee in this Fair Labor Standards Act case. It is **respectfully recommended** that the Court approve the settlement and dismiss the case.

In a suit such as this for unpaid wages or overtime, a determination must be made as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for

compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."  *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  The settlement reached here was achieved as part of arms length negotiations and all sides were represented by counsel.  As it provides for full payment of all claims according to the Plaintiff, it is *per se* reasonable.  Although the amount of attorney's fees is high in a case such as this, the parties have stipulated to its reasonableness and the Court finds no reason to question that stipulation, in view of the full payment to Plaintiff of his claim.

It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and that the case be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 26, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy